IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HERIBERTO FRANCO AND MARIA MELFI FRANCO | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:16-cv-218 |
| | § | |
| ALLIED  PROPERTY AND CASUALTY INSURANCE COMPANY AND KATHY HARVEY | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendant Allied Property and Casualty Insurance Company ("Allied"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the captioned action *Heriberto Franco and Maria Melfi Franco v. Allied Property and Casualty Insurance Company and Kathy Harvey*; Cause No. D-1-GN-16-000447, in the 419th Judicial District of Travis County, Texas.

## I.      BACKGROUND

1.      Plaintiffs Heriberto and Maria Melfi Franco initiated the present action by filing their Original Petition in Cause No. D-1-GN-16-000447, in the 419th Judicial District of Travis County, Texas on January 29, 2016.[1]

2.      Allied filed its Original Answer on February 24, 2016, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition.[2]

---

[1]      Exhibit A, Plaintiffs' Original Petition and Request for Disclosure.

[2]      Exhibit B, Defendant's Original Answer.

## II.      JURISDICTION

3.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.  This Notice of Removal is timely filed within 30 days of the filing of Allied's Original Answer and less than one year after the commencement of this action.

### A.      Amount in Controversy

4.      The amount in controversy in this matter exceeds the federal jurisdictional minimum of $75,000.

5.      Plaintiffs' Original Petition fails to comply with Rule 47 of the Texas Rules of Civil Procedure, which requires a litigant's initial pleading to include a statement that elects one of a pre-determined set of ranges of damages.  However, in a first-party insurance case, district courts frequently look past the pleadings to analyze a plaintiffs' pre-suit demand as well as all categories of damages sought in the lawsuit, including punitive damages.[3]  Here, this analysis plainly sets the amount in controversy past the $75,000 threshold for this Court's jurisdiction.[4]

6.      Plaintiffs' pre-suit demand outlines damages of $51,768.16,[5] consisting of $26,191.54 in policy benefits allegedly owed for building and contents damages, $10,000 in mental anguish damages, and $15,576.62 in attorneys' fees.[6]  The amount of Plaintiffs' demand

---

[3]      *See Villarreal v. State Farm Lloyds*, Civ. No. 7:15-cv-292, 2015 WL 5838876 at *2 (S.D. Tex. Oct. 7, 2015) (Alvarez, J.).

[4]      *See* Exhibit C, Plaintiff's Demand Letter dated October 1, 2015 and addressed to Kat Harvey, and Exhibit A, Plaintiffs' Original Petition at 7, 9, and 10.

[5]      S*ee Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807-08 (W.D. Tex. 2008) (Martinez, J.) (considering pre-suit demand to establish amount in controversy).

[6]      *See* Exhibit C, Plaintiffs' Demand Letter at 2; *see also H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000) (holding that

does not end the inquiry, however, as penalties and exemplary damages are also included as part of the amount in controversy.[7]   Plaintiffs' Original Petition alleges knowing conduct as a predicate for additional damages under the Texas Insurance Code, as well as an entitlement to exemplary damages.[8]   Statutory additional damages increase the amount in controversy by up to an additional $53,383.08,[9] and exemplary damages could be as high as $200,000.00, both propelling the amount in controversy well past the $75,000 threshold required for this Court's jurisdiction.[10]

7.      Allied expressly denies that Plaintiffs are entitled to any of the damages discussed above.  However, based on Plaintiffs' pre-suit demand and the damage categories explicitly sought by Plaintiffs' pleading, the amount in controversy requirement for federal diversity jurisdiction is clearly satisfied.

**B.     Diversity of Parties**

8.      Plaintiffs are domiciled in Travis County, Texas.[11]   Pursuant to 28 U.S.C. § 1332(a), Plaintiffs are a citizens of the State of Texas.

9.      Allied is organized under the laws of Ohio and maintains its principal place of business in Columbus, Franklin County, Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), Allied is a citizen

---

[7]      *See Greenberg*, 134 F.3d at 1253.

[8]      Exhibit A, Plaintiff's Original Petition, at 7, 9, and 10.

[9]      TEX. INS. CODE § 541.152.

[10]     TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b); *see also Villareal*, 2015 WL 5838876 at *2 (noting that where a plaintiff seeks exemplary damages, "the judicial threshold requirement of $75,000 could be easily met[.]").

[11]     *See* Exhibit A, Plaintiff Original Petition at 1.

attorneys' fees are included as part of the amount in controversy); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). (concluding that "in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages").

of the State of Ohio for purposes of diversity analysis.

10.     Ms. Harvey is a citizen of Texas; however, her citizenship should be disregarded for purposes of determining this Court's jurisdiction.

11.     A case may be removed despite a non-diverse defendant if that defendant was improperly joined, meaning the defendant was named improperly for the purpose of destroying diversity.[12]   Improper joinder can be established in either of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[13]   To establish improper joinder, a defendant must show "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[14]

12.     To evaluate the question of improper joinder, courts perform a Rule 12(b)(6)-type analysis, looking at the allegation of the petition to determine whether the petition states a claim under state law against the non-diverse defendant.[15]

13.     The Fifth Circuit has held that a defendant is improperly joined when a plaintiff fails to allege a cause of action against her.[16]   Here, Plaintiffs identify Ms. Harvey in the caption of Plaintiffs' Original Petition and in the section entitled "Parties and Rule 190 Discovery Level,"[17] but after that her name never appears again.  Plaintiffs do not allege any claim or cause of action against

---

[12]     *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

[13]     *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

[14]     *Id.* at 573.

[15]     *Id.*; *see also Vaillancourt v. PNC Bank, N.A.*, 771 F.3d 843, 847 (5th Cir. 2014).

[16]     *Vaillancourt*, 771 F.3d at 848.

[17]     Exhibit A, Plaintiff's Original Petition, at 1-2.

her, not one; instead, the petition includes only claims against "ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY," which is a diverse defendant.  Plaintiffs cannot recover against Ms. Harvey, and she is therefore improperly joined, and her citizenship must be disregarded.

14.     Because the only properly joined parties are citizens of different states and Allied is not a citizen of Texas, diversity of citizenship exists, and jurisdiction will lie with this Court.

### III.     CONCLUSION

15.     Removal is proper because there is complete diversity between Plaintiffs and Allied, the amount in controversy exceeds $75,000, and Allied is not a citizen of the state in which this case was brought.  The citizenship of Kathy Harvey may be disregarded because she was improperly joined in this lawsuit.

16.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Allied will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 419th Judicial District Court for Travis County, Texas.

WHEREFORE, Defendant Allied Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

*(Signature on following page)*

.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Juliet Y. Azarani
Texas Bar No. 24087124
jazarani@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone:  (512) 476-7834
Facsimile:   (512) 476-7832

**ATTORNEYS FOR DEFENDANT
ALLIED PROPERTY AND CASUALTY
INSURANCE COMPANY AND KATHY
HARVEY**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested on this the 24th day of February, 2016 to:

Thomas M. Furlow                                    *7196 9008 9111 1861 5232*
Furlow Law Firm, PLLC
1032 Central Parkway South
San Antonio, Texas 78232
tfurlow@furlowlawfirm.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp