# Exhibit A



# Notice of Service of Process

TRL / ALL
Transmittal Number: 14759422
Date Processed: 02/05/2016

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Copy of transmittal only provided to:** | Kevin Jones<br>Rebecca Lewis<br>Cassandra Struble |

| | |
|---|---|
| **Entity:** | Allied Property And Casualty Insurance Company<br>Entity ID Number  0129900 |
| **Entity Served:** | Allied Property and Casualty Insurance Company |
| **Title of Action:** | Heriberto Franco vs. Allied Property and Casualty Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Travis County District Court, Texas |
| **Case/Reference No:** | D-1-GN-16-000447 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 02/05/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Thomas Mason Furlow<br>210-910-4501 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

C I T A T I O N
T H E   S T A T E   O F   T E X A S
**CAUSE NO. D-1-GN-16-000447**

HERIBERTO FRANCO AND MARIA MELFI FRANCO
, Plaintiff
vs.
ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY AND KATHY HARVEY
, Defendant

TO: ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY
BY SERVING ANY COMPANY OFFICER, CORPORATION SERVICE COMPANY
2111 E. 7TH STREET, STE. 620,
AUSTIN, TEXAS 78701-3218

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>PLAINTIFFS' ORIGINAL PETITION, DEMAND FOR JURY, AND WRITTEN DISCOVERY TO DEFENDANT</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>JANUARY 29, 2016</u> in the <u>419TH JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>February 04, 2016</u>.

REQUESTED BY:
THOMAS MASON FURLOW
1032 CENTRAL PARKWAY SOUTH
SAN ANTONIO, TX 78232
BUSINESS PHONE:(210)910-4501   FAX:(210)910-4513

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: PATSY YBARRA

-- R E T U R N --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named _____, each in person, a true copy of this citation together with the <u>PLAINTIFFS' ORIGINAL PETITION, DEMAND FOR JURY, AND WRITTEN DISCOVERY TO DEFENDANT</u> accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By:_____

_____ day of _____, _____.

Printed Name of Server

_____ County, Texas
Notary Public, THE STATE OF TEXAS

D-1-GN-16-000447                                SERVICE FEE NOT PAID                          P01 - 000037373
☐ Original      ☐ Service Copy

1/29/2016 10:57:25 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-000447
Marco Rubio

CAUSE NO. **D-1-GN-16-000447**

| | | |
|---|---|---|
| HERIBERTO FRANCO AND<br>MARIA MELFI FRANCO | § § § § | IN THE DISTRICT COURT |
| v. | § § | **419th** JUDICIAL DISTRICT |
| ALLIED PROPERTY AND CASUALTY<br>INSURANCE COMPANY and<br>KATHY HARVEY<br>    Defendants. | § § § § | TRAVIS COUNTY, TEXAS |

## <u>Plaintiffs' Original Petition, Demand for Jury,<br>and Written Discovery to Defendant</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, HERIBERTO FRANCO AND MARIA MELFI FRANCO., hereinafter called "Plaintiffs," complaining of ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY AND SARAH GROTHA, hereinafter called "Defendants," and for cause of action would respectfully show unto the Court the following:

I.

<u>Parties and Rule 190 Discovery Level</u>

Plaintiff is an individual residing in Travis County, Texas. Discovery should be Level III.

Defendant, **ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY** is a Domestic corporation authorized to engage in the insurance business in the State of Texas, may be served by serving any company officer for service of process, **Corporation Service Company, 211 E. 7th Street, Ste. 620, Austin, Texas 78701-3218**. Service is requested by certified mail, return receipt requested at this time.

1

Defendant, **KATHY HARVEY** is an individual residing in Leander, Texas, and an employee of Allied Property and Casualty Insurance Company, may be served by serving her at, **2605 Johnathan Way, Leander, Texas 78641**. Service is requested by certified mail, return receipt requested at this time.

II.

AGENCY AND *RESPONDEAT SUPERIOR*

Whenever in this petition it is alleged that the Defendants did any act or omission, it is meant that Defendant(s) itself or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant(s) or done in the normal routine, course and scope of the agency or employment of Defendant(s) or their agents, officers, servants, employees, or representatives.

III.

This suit is brought pursuant to the law of good faith and fair dealing as well as under common law and Chapters 541 and 542 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. This suit is also brought for breach of contract, and for recovery under a policy of insurance. Plaintiff is a consumer of the Defendant, Allied Property and Casualty Insurance Company, a Nationwide Company, in that they purchased insurance from said entity and/or service to be provided by it. Said Defendants is an "individual corporation, association, partnership, or other legal entity engaged in the business of insurance." Such Defendant constitutes persons as that term is defined in Chapter 541.002 of the Texas Insurance Code.

IV.

Defendant, ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, is Plaintiffs' homeowners' insurance company. The actions set forth in this complaint were committed by the Defendant, or its actual or apparent agents. Plaintiffs own and/or reside in a

dwelling at **11404 Eddie Egan Lane, Austin, Texas 78748.** Defendant provided coverage to the Plaintiffs under a Homeowners policy, for such dwelling, personal property, and other matters under insurance policies described above. During the policy term of said policy, Plaintiffs sustained covered losses in the form of storm damage, including damage from wind and/or hail and damages resulting therefrom, and Plaintiffs promptly and timely and properly reported same to Defendant pursuant to the terms of the insurance policy. **Plaintiffs gave timely notice of the facts of loss and Defendant(s) assigned claim number 784220117879 for date of loss May 27, 2015, and other applicable dates of loss.**

V.

The Plaintiffs' home sustained damages caused by the wind/hail peril, including damage to the interior, roof and architectural finishes. Damages include the cost of construction, repairs, and restoration of the property, necessary to repair the damages to Plaintiffs' residence. These constituted covered damages under Plaintiffs' homeowners' insurance policy with the Defendant, ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY.

VI.

Defendant, ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, and its adjusters have had ample opportunity to inspect Plaintiffs' property, in connection with Plaintiffs' claim for property damage. Defendant knew or should have known that Plaintiffs had sustained significant damage to the property, requiring significant repairs as a result of a loss and peril covered by the insurance policies. ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY was also made aware of the need to perform repairs to the damages to Plaintiffs' home as a result of the wind and/or hail storm. ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY knew that a substantial covered loss was owed.

Nonetheless, ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY denied, delayed, grossly underpaid, and/or failed to properly investigate some or all of Plaintiffs' covered losses with no reasonable basis. ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY has failed to act promptly or to a good faith investigation. This is bad faith claim delay and/or denial and a violation of Chapters 541 and 542 of the Texas Insurance Code. ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY violated Article Chapters 541 and 542 of the Texas Insurance Code, and is liable for the actual damages, statutory penalties and attorney's fees provided for therein.

VII.

Despite the fact that all conditions precedent to Plaintiffs' recovery have been performed or have occurred, Defendant has failed and refused to pay the Plaintiffs a just amount in accordance with their contractual obligations, agreements, and representations. In fact, after such refusals to pay and investigate, Plaintiffs were forced to file suit to seek the policy benefits to which they are entitled. ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY knew that substantial damage had been caused by the loss, and yet refused to investigate most or all of such damages.

VIII.

Such denials, delays, refusals and/or failures to pay by ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY was in bad faith, and constitute breaches of the covenant of good faith and fair dealings, which breaches were a proximate cause of damages to the Plaintiffs, more specifically set forth herein below. There was no reasonable basis for denying, delaying, or failing to pay or investigate Plaintiff's claims for damage, and ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. Defendant

conducted an outcome-oriented investigation with the intent of either denying or underpaying the claim. The conduct of Defendant, ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY was irresponsible, unconscionable, and took advantage of the Plaintiffs' lack of sophistication in insurance matters to a grossly unfair degree. Furthermore, the conduct of Defendant, ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, amounts to one or more of the following:

    (a) not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear in violation of Chapter 542 of the Texas Insurance Code;

    (b) refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of Chapter 541 of the Texas Insurance Code;

    (c) failing to handle or process the Plaintiffs' claims in good faith; in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau,* 754 S.W.2d 129 at 135 (Tex. 1988);

    (d) committing a course of conduct that is unconscionable;

    (e) omitting any information or making any false implication or impression that was either misleading or deceptive or had the capacity to be misleading or deceptive in violation of Chapter 541 of the Texas Insurance Code;

    (f) refusing to fully pay a claim without a reasonable basis in violation of common law;

    (g) delaying full payment of a claim without a reasonable basis in violation of common law;

    (h) denying and/or delaying payment of a claim in full without determining whether there is any reasonable basis to do so in violation of common law;

    (i) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which they do not;

    (j) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

    (k) representing than an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(l) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

(m) violations of Chapter 541 of the Texas Insurance Code, in that they misrepresented the terms of the policy or other facts.

IX.

As a result of all of such conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court. In addition, the conduct of ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY was committed knowingly, and under circumstances constituting willful and wanton and reckless disregard of the rights of the Plaintiff and others similarly situated. Such conduct of ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY was negligent and tortuous. The conduct ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY constituted negligent misrepresentation of fact, or actionable fraud. The conduct of ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY proximately caused the injuries and damages to the Plaintiffs for which they sue.

X.

All of the conditions precedent to bringing this suit under the policy and to the Defendant's liability to the Plaintiffs under the policy for the claims alleged have been performed or have occurred.

XI.

Defendant has, by its conduct, breached their contract of insurance with the Plaintiffs. Such breach proximately caused damages to the Plaintiffs including consequential damages. In addition, Plaintiffs are entitled to recover attorney's fees in connection with Plaintiffs' contractual causes of action. In addition, as a supplement to such contractual causes of action,

each Defendant is liable for the statutory damages and penalties set out in Chapter 542 of the Texas Insurance Code.

## XII.

Defendant owes the Plaintiffs significant sums for known losses. Further, under the contract of insurance, the Defendant owes the Plaintiffs reasonable compensation for additional living expenses because repairs to be performed to their residence and required by the above losses will require that they incur living expenses over and above those normally incurred while residing in the home.

## XIII.

The conduct of ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY was knowing and therefore may be subject to liability for additional damages under the Texas Insurance Code, and/or the Texas Deceptive Trade Practices Act, Plaintiffs and Plaintiffs' attorney are also entitled to attorney's fees in connection with the bringing of this action for breach of contract or under relevant statute. In the alternative, ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY's conduct was malicious and fraudulent, and therefore, Plaintiff seek punitive damages.

## XIV.

All of the conditions precedent to bringing this suit under the policy and to the Defendant's liability to the Plaintiffs under the policy for the claims alleged have been performed or have occurred, or compliance with said notice is excused, or rendered impractical due to the approaching statute of limitations on this matter. More than sixty days prior to the filing of this petition, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Chapter 541, et seq., was sent to the Defendant, or compliance with said notice is excused. All notices and proofs of loss were timely and properly given in such manner as to fully comply

with the terms and conditions of the relevant insurance policies and applicable law. Plaintiffs complied with all terms and conditions of the policy, but their claim was nonetheless not paid in full. *Such refusals to pay waive any further compliance with said policy by Plaintiffs and leave them free to sue for those benefits to which they are entitled that were denied or underpaid.* In the alternative, Plaintiffs allege that as to any such terms, conditions, notices, or requirements, the Defendant waived them, the Defendant is estopped from asserting them, and/or the Plaintiffs substantially complied with them. Plaintiffs make the same allegations of waiver or estoppel as to every defense, condition, or exclusion pleaded by the Defendant, and as to each claim for breach of contract or statutory violation as to said Defendant.

XV.

As to any exclusion or endorsement relied upon by the Defendant, Plaintiffs would show that such is void and does not form a portion of Plaintiffs' insurance policy with Defendant, ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY'S. The reason this is so includes, but is not limited to the following:

(a) there is no consideration for such exclusion;

(b) such exclusion or exclusionary endorsement was not delivered with the policy, and hence is of no force and effect;

(c) such exclusion violates Chapters 541 and 542 of the Texas Insurance Code, and it is void as against public policy;

(d) such exclusion and its use in this case violates Chapter 541 and 542 of the Texas Insurance Code and is void as against public policy;

(e) such exclusion violates Chapter 541 and 542 of the Texas Insurance Code and is unconscionable, and is void as against public policy;

(f) such exclusion is adhesive;

(g) any such exclusion is void as against public policy against creating a forfeiture, or ex post-facto penalty;

(h)     the attachment of such exclusion constitutes bad faith cancellation of a portion of the Plaintiff's policy with Defendants. In particular, such cancellation of a portion of Plaintiff's coverage was in violation of the policy contract's own terms and also in violation of Chapter 541 and 542 of the Texas Insurance Code of the Texas Insurance Code. Such exclusion should be declared void, and of no force and effect, and the policy should be reformed to so reflect;

(i)     the clear and unambiguous language of the policy provides coverage for dwelling damage caused by water, including the cost of access to fix any leaking plumbing, system, or appliance.

(j)     In the alternative, any other construction of the language of the policy is void as against public policy;

(k)     In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandates the construction and interpretation urged by Plaintiff;

(l)     In the alternative, Defendant is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

(m)     In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff plead the doctrine of mutual mistake requiring reformation.

(n)     Such exclusion or interpretation is void as against public policy and/or in violation of the Texas Insurance Code.

(o)     The clear and ambiguous language of the policy provides coverage for dwelling damage caused by accidental water leakage from a plumbing, heating, or air conditioning system or other appliance, including the cost of access to fix the leaking system, regardless of any other language or exclusion in the policy.

## XVI.

Plaintiffs assert all statutory claims, demands, and causes of action assertable under state law from the pleaded scenario and facts, but only seeks breach of contract and Chapter 542 of the Texas Insurance Code causes of action against ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY at this time for actual damages and attorney's fees Chapter 542 penalties. Plaintiffs seek from ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY actual, additional, exemplary, as well as all other damages and penalties available at law, including loss of the use and enjoyment of the place of business.

## XVII.
## DEMAND FOR JURY

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully requests this Honorable Court that upon final hearing and trial hereof, this Honorable Court grant to the Plaintiffs such relief as to which they may show themselves justly entitled, either at law or in equity, either general or special, including judgment against the Defendant for actual damages, attorney's fees, costs of suit, statutory penalties, and prejudgment and post judgment interest, if allowed by law, and including judgment for additional damages and punitive damages under the facts set forth in this or any amended pleading.

Respectfully submitted,

FURLOW LAW FIRM, PLLC
19206 Huebner Road, Suite 102
San Antonio, Texas 78258
Telephone:    (210) 910.4501
Telecopier:    (210) 910.4513


By:  /s/ *Thomas M. Furlow*
     THOMAS M. FURLOW
     State Bar No. 00784093
     Email: tfurlow@furlowlawfirm.com

ATTORNEY FOR PLAINTIFF

## PLAINTIFF'S REQUESTS FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(k), as described below:

(a) the correct names of the parties to the lawsuits;
(b) the name, address, and telephone number of any potential parties;
(c) the legal theories and, in general, the factual basis of Plaintiffs' claims;
(d) the amount and any method of calculating economic damages;
(e) the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;
(f) for any testifying expert:
    (1) the expert's name, address and telephone number;
    (2) the subject matter on which the expert will testify;
    (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiffs, documents reflecting such information;
    (4) if the expert is retained, employed by or otherwise subject to the control of Plaintiffs:
        (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;
        (B) the expert's current resume and bibliography;
(g) any indemnity or insuring agreements;
(h) any settlement agreements, described in Rule 192.3(g);
(i) any witness statements, described in Rule 192.3(h);
(j) all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;
(k) all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

I.

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses within fifty (50) days after service of this request.

II.

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please produce responsive documents to the Furlow Law Firm, a Professional Limited Liability Company, 1032 Central Parkway South, San Antonio, Texas 78232.

Respectfully submitted,

FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio, Texas  78232
Telephone:     (210) 910.4501
Telecopier:     (210) 910.4513


By:   /s/ *Thomas M. Furlow*
            THOMAS M. FURLOW
            State Bar No. 00784093
            Email:  tfurlow@furlowlawfirm.com

ATTORNEY FOR PLAINTIFF

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: _____  **COURT** *(FOR CLERK USE ONLY)*: _____

**STYLED** Heriberto Franco & Maria Melfi Franco v Allied Property & Casualty & Kathy Harvey
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: Thomas M. Furlow | Email: tfurlow@furlowlawfirm.com | Plaintiff(s)/Petitioner(s): Heriberto Franco, Maria Melfi Franco | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address: 1032 Central Parkway South | Telephone: 210-910-4501 | | Additional Parties in Child Support Case:<br>Custodial Parent: |
| City/State/Zip: SA, TX 78232 | Fax: 210-910-4513 | Defendant(s)/Respondent(s): Allied Property & Casualty Insurance Company & Kathy Harvey | Non-Custodial Parent: |
| Signature: *(signed)* | State Bar No: 00784093 | | Presumed Father: |

[Attach additional page as necessary to list all parties]

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>  ☐ Accounting<br>  ☐ Legal<br>  ☐ Medical<br>  ☐ Other Professional Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>  ☐ Asbestos/Silica<br>  ☐ Other Product Liability<br>  List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>  ☐ With Children<br>  ☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:

☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

**THE LAWYER REFERRAL SERVICE OF CENTRAL TEXAS**
A Non-Profit Corporation

---

# IF YOU NEED A LAWYER AND DON'T KNOW ONE, THE LAWYER REFERRAL SERVICE CAN HELP

## 512-472-8303
866-303-8303 (toll free)
www.AustinLRS.org

Weekdays 8:00 am to 4:30 pm
$20.00 for first half hour attorney consultation
(free consultations for personal injury, malpractice, worker's compensation, bankruptcy, and social security disability)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303

---

# SI USTED NECESITA EL CONSEJO DE UN ABOGADO Y NO CONOCE A NINGUNO PUEDE LLAMAR A LA REFERENCIA DE ABOGADOS

## 512-472-8303
866-303-8303 (llame gratis)
www.AustinLRS.org

Abierto de lunes a viernes de 8:00 am-4:30 pm
$20.00 por la primera media hora de consulta con un abogado
(la consulta es gratis si se trata de daño personal, negligencia, indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

7014 2120 0000 8248 1147

ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY
BY SERVING ANY COMPANY OFFICER, CORPORATION SERVICE COMPANY
2111 E. 7TH STREET, STE. 620,
AUSTIN, TEXAS 78701-3218